UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

COREY JAMES KIRKWOOD,

                        Plaintiff,

        v.                                              Case No. 25-cv-435-pp

MILWAUKEE COUNTY JAIL, *et al.*,

                        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Plaintiff Corey James Kirkwood, who is incarcerated at Milwaukee County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants ignored his threat to self-harm. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

I.      **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On April 2, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $141.00. Dkt. No. 5. The court received that fee on April 28, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II.    Screening the Complaint

### A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

<u>Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. <u>D.S. v. E. Porter Cnty. Sch. Corp.</u>, 799 F.3d 793, 798 (7th Cir. 2015) (citing <u>Buchanan–Moore v. County of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. <u>Cesal</u>, 851 F.3d at 720 (citing <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     <u>The Plaintiff's Allegations</u>

The complaint names as defendants the Milwaukee County Jail and Correctional Officer Canody. Dkt. No. 1 at 1. The plaintiff alleges that on March 7 or 8, 2025, while he was at the jail, Officer Canody ignored him when he asked through his door that she "call a mental health psych worker before [he] self harm[s]." <u>Id.</u> at 2. The plaintiff says that about five minutes after Canody ignored him, he "started hearing voices" that told him to self-harm. <u>Id.</u> He then did self-harm by cutting his left arm. <u>Id.</u> The plaintiff says that he believes that Canody and the jail ignored him because "they don't take mental health serouis [*sic*] at Milwaukee County Jail." <u>Id.</u>

The plaintiff seeks $50,000 in damages. Id. at 3. He also asks that the jail "stop ignoring people call button [*sic*] and C.O.'s not letting people see mental health professional when a crisis is happening instead of waiting on a[n] inmate to self harm first to contact psych workers." Id.

C.    Analysis

The plaintiff does not specify whether he had been convicted or was a pretrial detainee at the time of the incident. This distinction determines the proper legal analysis for the plaintiff's claim. The Eighth Amendment governs claims of persons convicted of an offense, while the Fourteenth Amendment governs claims of pretrial detainees. See Collins v. Al-Shami, 851 F.3d 727, 731 (7th Cir. 2017). The docket from his state court criminal case shows that the plaintiff has been in custody since January 2025, he pled guilty on May 9 and his sentencing is scheduled for June 5. See State v. Kirkwood, Milwaukee County Case Number 2025CF419 (available at https://wcca.wicourts.gov/).

Because the plaintiff is a pretrial detainee who had not yet been sentenced at the time of the alleged events, the court will analyze his claim under the Fourteenth Amendment. See Hardeman v. Curran, 933 F.3d 816, 821–22 (7th Cir. 2019) (citing Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015)). To proceed on his claim under the Fourteenth Amendment, the plaintiff must show that (1) the defendant acted purposefully, knowingly or perhaps recklessly, without regard to her subjective awareness of the risk of inaction; and (2) the defendant's response was objectively unreasonable. See Pittman by & through Hamilton v. Madison County, Ill., 108 F.4th 561,

570–72 (7th Cir. 2024). The court must "focus on the totality of facts and circumstances" that the defendant faced and "gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." Williams v. Ortiz, 937 F.3d 936, 942 (7th Cir. 2019); see Kingsley, 576 U.S. at 397.

Although it is possible the plaintiff could state a Fourteenth Amendment claim based on these events, he has not provided the court enough information to make this determination. The plaintiff's allegations are scant. He alleges that he asked Officer Canody to call a mental health worker before he self-harmed, but that she ignored him. He does not say whether Canody was aware that the plaintiff had a propensity to self-harm or whether he previously had self-harmed in the jail, both of which could factor into whether Canody's decision to ignore him was objectively reasonable. Nor does he say that he told Canody that he *was about to* self-harm or that he *would* self-harm if Canody did not call a mental health worker. He says only that he told Canody to call psychiatric staff "before [he] self-harm[s]." Dkt. No. 1 at 2. It may not have been objectively unreasonable for Canody to ignore that vague statement from the plaintiff, particularly if the plaintiff previously had threatened to self-harm but never did. The plaintiff says that after Canody ignored him, he heard voices telling him to self-harm, and that he did self-harm by cutting his left arm. The plaintiff says nothing about the severity of this cut or whether he needed medical attention. The court cannot determine from these slim allegations

5

whether Canody acted unreasonably when she did not immediately call psychiatric staff to respond to the plaintiff's concern about self-harming.

The plaintiff also seeks to proceed against the jail itself. But under Wisconsin law, the Milwaukee County Jail "is not a legal entity separable from the county government which it serves" and is not subject to suit under §1983. Whiting v. Marathon C'nty Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004).

The complaint does not state a claim. But because the plaintiff might be able to state a claim if he provided the court with more detail, the court will give him an opportunity to amend his complaint to correct the deficiencies noted and better explain the claim in his complaint. When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claim he wishes to bring, and to describe which defendants he believes committed the violations that relate to his claim. If there is not enough

6

space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claim.

### III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **July 3, 2025**. If the court receives an amended complaint from the plaintiff by day's end on July 3, 2025, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint from the plaintiff by day's end on July 3, 2025, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$209** balance of the filing fee by

collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Office of the Sheriff, Fiscal Operations, Rm. 224, 821 W. State Street, Milwaukee, WI 53233.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS.

It will only delay the processing of the case.

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include with this order a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 5th day of June, 2025.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge